UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>HEES II, d/b/a Big 5 Sporting Goods – San Diego,<br><br>　　　　　　　　　　　Defendant. | Case No.: 21-cv-1337 JLS (RBB)<br><br>**ORDER: (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; AND (2) DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(e)(2)**<br><br>**[ECF Nos. 1, 2]** |

Presently before the Court are Plaintiff Fernando Gastelum's Complaint ("Compl.," ECF No. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Mot.," ECF No. 2). Having carefully considered Plaintiff's Complaint, his IFP Motion, and the applicable law, the Court **GRANTS** Plaintiff's IFP Motion and **DISMISSES** Plaintiff's Complaint **WITHOUT PREJUDICE**.

*IN FORMA PAUPERIS* **MOTION**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

///

$402.[1]  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  Although the statute does not specify the qualifications for proceeding IFP, the plaintiff's affidavit must allege poverty with some particularity.  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (2015).  Granting a plaintiff leave to proceed IFP may be proper, for example, when the affidavit demonstrates that paying court costs will result in a plaintiff's inability to afford the "necessities of life."  *Id.*  The affidavit, however, need not demonstrate that the plaintiff is destitute.  *Id.*

Here, Plaintiff's affidavit shows that he and his spouse have a combined monthly income of $3,165.  *See* IFP Mot. at 1–2.  Plaintiff reports that he and his spouse have about $200 in cash and $1,354.95 in checking accounts.  *See id.* at 2.  They own a home valued at approximately $45,000 and a car worth approximately $15,000.  *See id.* at 3.  Plaintiff and his spouse have two dependent adult children.  *See id.*  Plaintiff and his spouse's combined monthly expenses total $2,450, leaving only several hundred dollars a month beyond their income.  *See id.* at 4–5.  The Court therefore concludes that Plaintiff adequately has demonstrated that paying the $402 filing fee would result in his inability to afford the necessities of life.  Accordingly, the Court **GRANTS** Plaintiff's IFP Motion.

## SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

**I.     Standard of Review**

Because Plaintiff is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2).  *See, e.g.*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th

---

[1]     In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).  The additional $52 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*.  *Id.*

Cir. 2002) (per curiam) (holding that 28 U.S.C. § 1915(e)(2) screening applies to non-prisoners proceeding IFP); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)). Under this statute, the Court must *sua sponte* dismiss a complaint, or any portion of it, that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez*, 203 F.3d at 1126–27. "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"When a court does not have jurisdiction to hear an action, the claim is considered frivolous." *Johnson v. E. Band Cherokee Nation*, 718 F. Supp. 6, 6 (N.D.N.Y. 1989). Moreover, "[t]he Court has an independent obligation to determine whether it has subject-matter jurisdiction." *Cox v. Lee*, No. CV-20-0275-PHX-DMF, 2020 WL 1904625, at *2 (D. Ariz. Apr. 17, 2020) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." (citation omitted)). Pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court ***must*** dismiss the action" (emphasis added). As the plain language of Rule 12(h)(3) suggests, this requirement is mandatory. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (noting that "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived"; therefore, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety" (citation omitted)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Further, "[w]hile factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported his contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679).

Courts have a duty to construe a *pro se* litigant's pleadings liberally. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect," unless the court determines that "the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

## II. Plaintiff's Factual Allegations

Plaintiff alleges that he is sixty-one years old, is missing a leg, and must use a wheelchair for mobility. Compl. ¶ 1. He resides in Casa Grande, Arizona. *Id.* at 1; *see also* ECF No. 1-1 ("Civil Cover Sheet"); IFP Mot. at 5 (identifying Casa Grande, Arizona as Plaintiff's "city and state of . . . legal residence"). Defendant owns or operates a store located at 3729 Rosencrans Street, San Diego, California 92210 (the "Store"). *Id.* ¶ 2. Plaintiff visited the Store on June 28, 2021, at which time he discovered it was not

compliant with either the Americans with Disabilities Act ("ADA") or state law. *Id.* ¶¶ 3–4. Specifically, the Store had unsecured carpets at the entrance, lacked a width between rows of racks of 32 or more inches, had objects protruding between rows of sales items, and had a sales counter with a height exceeding 36 inches. *Id.* ¶ 4. These conditions denied Plaintiff equal access to the Store. *Id.* ¶ 5. Plaintiff notes he will not return to the Store "until it becomes fully compliant with federal and state disability laws." *Id.* ¶ 6. Plaintiff requests an injunction requiring Defendant to comply with state and federal law, his costs and expenses, and "[d]amages under California law for $4,000 per violation." *Id.* at 2 ("Relief I Request").

## III. Analysis

### A. Standing

"A party invoking federal jurisdiction has the burden of establishing that it has satisfied the 'case-or-controversy' requirement of Article III of the Constitution; standing is a 'core component' of that requirement." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1036 (9th Cir. 2008) (citation omitted). Further, courts "have an independent obligation 'to examine jurisdictional issues such as standing [sua sponte].'" *Wilson v. Lynch*, 835 F.3d 1083, 1091 (9th Cir. 2016) (alteration in original) (quoting *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999)). "Only injunctive relief is available under Title III of the ADA." *Barnes v. Marriott Hotel Servs., Inc.*, No. 15-CV-01409-HRL, 2017 WL 635474, at *7 (N.D. Cal. Feb. 16, 2017). To establish standing to seek injunctive relief, a plaintiff must show that "he [i]s likely to suffer future injury." *See City of L.A. v. Lyons*, 461 U.S. 95, 105 (1983). "[A]n ADA plaintiff can establish standing to sue for injunctive relief either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman v. Pier 1 Imports, Inc.*, 631 F.3d 939, 944 (9th Cir. 2011). "'[S]ome day' intentions [to return to a noncompliant facility] . . . are insufficient to establish standing." *Barnes*, 2017 WL 635474, at *7. An ADA plaintiff therefore "lacks standing if he is indifferent to returning to the store or if his alleged intent to return is not genuine." *Chapman*, 631 F.3d at 953.

Further, an ADA plaintiff cannot establish standing by alleging an injury "based only on conclusory statements unsupported by specific facts." *Barnes*, 2017 WL 635474, at *7.

Here, Plaintiff has failed to allege an intent to return to the Store.[2] Accordingly, Plaintiff lacks standing, and therefore the Court lacks subject-matter jurisdiction over Plaintiff's ADA claim and must dismiss it. *See Langer v. YM Holdings, LLC*, No. 18-CV-1114 JLS (KSC), 2020 WL 3498165, at *4 (S.D. Cal. June 29, 2020) (dismissing ADA complaint for lack of subject-matter jurisdiction premised on lack of standing). Moreover, having found that Plaintiff lacks standing to pursue his ADA claims, the court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim(s). *See, e.g.*, *Barnes*, 2017 WL 635474, at *13 (declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over remaining state law claim after dismissing ADA claim for lack of standing).

## B. ADA Claim

Even were standing not an issue, Plaintiff fails to state a claim under the ADA. Title III of the ADA prohibits discrimination by places of public accommodation. *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014). "To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th

---

[2]   In light of Plaintiff's pro se status, the Court further notes for Plaintiff's benefit that, even once Plaintiff cures this basic pleading deficiency, issues may persist later in this action with regard to establishing a genuine intent to return, given that the Store is located in San Diego, *see id.* ¶ 2, while Plaintiff resides some distance away in Casa Grande, Arizona, *see* IFP Mot. at 5. "In determining whether a plaintiff's likelihood of return is sufficient to confer standing, courts have examined factors including: (1) the proximity of the business to the plaintiff's residence, (2) the plaintiff's past patronage of the business, (3) the definitiveness of the plaintiff's plans to return, and (4) the plaintiff's frequency of travel near the defendant." *Crandall v. Starbucks Corp.*, 249 F. Supp. 3d 1087, 1106 (N.D. Cal. 2017) (citation and footnote omitted).

Cir. 2007). Where, as here, the plaintiff seeks to establish discrimination based on an architectural barrier, "the plaintiff must also prove that: "(1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Parr v. L & L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).

First, the ADA defines a disability as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Walking is considered a "major life activit[y]." 42 U.S.C. § 12102(2)(A). Plaintiff is missing a leg and must use a wheelchair for mobility, Compl. ¶ 1, and therefore he alleges that he is disabled within the meaning of the ADA. *See, e.g.*, *Lozano v. C.A. Martinez Fam. Ltd. P'ship*, 129 F. Supp. 3d 967, 972 (S.D. Cal. 2015) (concluding plaintiff who could not walk and used a wheelchair for mobility was "disabled" within the meaning of the ADA).

Second, Plaintiff adequately alleges that Defendant's Store is a place of public accommodation. Plaintiff asserts that Defendant owns or operates the Store, *see* Compl. ¶ 2, and a "sales or rental establishment" is a place of public accommodation as defined within the ADA. 42 U.S.C. § 12181(7)(E).

As to the third and final element, Plaintiff alleges that he was denied access to the Store due to ADA-prohibited architectural barriers. *See, e.g.*, Compl. ¶ 4.a (alleging carpets unsecured at entry); 36 C.F.R. pt. 1191, App. D, § 302.2 (requiring carpets to be securely attached); Compl. ¶ 4.b (alleging width between rows of racks was less than 32 inches), 36 C.F.R. pt. 1191, App. D, § 403.5 (requiring walking surfaces to be 32 inches wide at minimum); Compl. ¶ 4.d (alleging sales counter more than 36 inches high); 36 C.F.R. pt. 1191, App. D, § 904.4 (requiring sales counters to be no higher than 36 inches). However, Plaintiff fails to allege that removal of these barriers is readily achievable. *See generally* Compl. Accordingly, Plaintiff fails to state a claim under the ADA.

C. **State Law Claim(s)**

Plaintiff references violations of California law but does not specifically identify the law(s) at issue. Given, however, Plaintiff's request for "[d]amages under California law

for $4,000 per violation," Compl. at 2, the Court presumes Plaintiff seeks to assert a claim under California's Unruh Act. *See* Cal. Civ. Code § 52 (providing statutory damages of $4,000 for violations of, *inter alia*, the Unruh Act).

The Unruh Act states that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their . . . disability . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). A violation of the ADA is also necessarily a violation of the Unruh Act. Cal. Civ. Code § 51(f); *Vogel*, 992 F. Supp. 2d at 1011. Because Plaintiff does not sufficiently allege an ADA claim, *see supra* Section III.B, he also fails to allege an Unruh Act claim.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's IFP Motion (ECF No. 2) but **DISMISSES** Plaintiff's Complaint (ECF No. 1) in its entirety pursuant to 28 U.S.C. § 1915(e)(2) as frivolous due to lack of subject-matter jurisdiction and for failure to state a claim. The Court grants Plaintiff <u>forty-five (45) days</u> from the date on which this Order is electronically docketed in which to file an amended complaint curing the deficiencies of pleading noted herein. Should Plaintiff fail to file an amended complaint in accordance with this Order, the Court will enter a final order dismissing this civil action without prejudice based on Plaintiff's failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: October 27, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge