UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>HEES II dba Big 5 Sporting Goods – San Diego,<br><br>　　　　　　　　　Defendant. | Case No.: 21-CV-1337 JLS (RBB)<br><br>**ORDER (1) SCREENING PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2); (2) GRANTING PLAINTIFF'S REQUEST FOR ISSUANCE OF SUMMONS; AND (3) DIRECTING U.S. MARSHAL SERVICE TO EFFECT SERVICE OF AMENDED COMPLAINT**<br><br>(ECF Nos. 7, 8) |

　　　　Presently before the Court are Plaintiff Fernando Gastelum's Amended Complaint ("Am. Compl.," ECF No. 7) and Request for Issuance of Summons ("Req.," ECF No. 8). Having carefully considered Plaintiff's Amended Complaint and the applicable law, the Court **GRANTS** Plaintiff's Request and **DIRECTS** the U.S. Marshal Service to effect service of the Amended Complaint.

## PROCEDURAL BACKGROUND

　　　　Plaintiff initiated this action on July 27, 2021, *see* ECF No. 1, and concurrently filed a motion to proceed *in forma pauperis* ("IFP"), *see* ECF No. 2 ("IFP Mot."). The Court

1

granted Plaintiff's IFP Motion but dismissed his Complaint pursuant to 28 U.S.C. § 1915(e)(2) as frivolous for lack of subject matter jurisdiction and for failure to state a claim. *See generally* ECF No. 3 (the "Order"). The Court granted Plaintiff leave to file an amended complaint. *See id.* at 8.

On November 8, 2021, the Court received Plaintiff's Notice of Compliance with Order Dated October 27, 2021 and Amended Complaint. *See* ECF Nos. 6, 7. Despite the Plaintiff's filing's noncompliance with the Court's Civil Local Rules, the Court accepted the document for filing nunc pro tunc to November 8, 2021. *See* ECF No. 6. On January 24, 2021, Plaintiff filed his Request for Issuance of Summons. *See* ECF No. 8.

## SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

### I. Standard of Review

Because Plaintiff is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2002) (per curiam) (holding 28 U.S.C. § 1915(e)(2) screening applies to non-prisoners proceeding IFP); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)). Under this statute, the Court must *sua sponte* dismiss a complaint, or any portion of it, that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez*, 203 F.3d at 1126–27. "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"When a court does not have jurisdiction to hear an action, the claim is considered frivolous." *Johnson v. E. Band Cherokee Nation*, 718 F. Supp. 6, 6 (N.D.N.Y. 1989). Moreover, "[t]he Court has an independent obligation to determine whether it has subject-matter jurisdiction." *Cox v. Lee*, No. CV-20-0275-PHX-DMF, 2020 WL 1904625, at *2 (D. Ariz. Apr. 17, 2020) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the

scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.") (citation omitted).  Pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court ***must*** dismiss the action" (emphasis added).  As the plain language of Rule 12(h)(3) suggests, this requirement is mandatory.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (noting that "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived'"; therefore, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety") (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.  The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard.  *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Further, "[w]hile factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678).  Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported his contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679).

///

Courts have a duty to construe a *pro se* litigant's pleadings liberally. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect," unless the court determines that "the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

## II. Plaintiff's Factual Allegations

Plaintiff alleges that he is sixty-one years old, is missing a leg, and uses a wheelchair for mobility. Am. Compl. ¶ 1. He resides in Casa Grande, Arizona. *Id.* at 1; *see also* ECF No. 1-1 ("Civil Cover Sheet"); IFP Mot. at 5 (identifying Casa Grande, Arizona, as Plaintiff's "city and state of . . . legal residence"). Defendant HEES II dba Big 5 Sporting Goods – San Diego ("Defendant") owns or operates a store located at 3729 Rosecrans Street, San Diego, California 92210 (the "Store"). *Id.* ¶ 2. Plaintiff visited the Store on June 28, 2021, at which time he discovered it was compliant with neither the Americans with Disabilities Act ("ADA") nor state law. *Id.* ¶¶ 3–4. Specifically, the Store had unsecured carpets at the entrance, lacked a width between rows of racks of 32 or more inches, had objects protruding between rows of sales items, and had a sales counter with a height exceeding 36 inches. *Id.* ¶ 4. These conditions denied Plaintiff equal access to the Store. *Id.* ¶ 5. Plaintiff alleges he was deterred by these conditions, as the Store was not accessible to him in its noncompliant state. *Id.* ¶¶ 6–7. Plaintiff alleges that the repairs required to bring the Store into compliance are readily achievable and can be accomplished "without much difficulty or expense" given (1) Defendant's size, sales volume, and income; and (2) the "minimal" cost and nature of the necessary repairs. *Id.* ¶ 8. Plaintiff requests an injunction requiring Defendant to either comply with state and federal law or close the Store, his costs and expenses, "[d]amages under California law for $4,000 per violation," and any other relief to which he is entitled. *Id.* at 3 ("Relief I Request").

///

## III. Analysis

### A. ADA Claim

#### 1. Standing

"A party invoking federal jurisdiction has the burden of establishing that it has satisfied the 'case-or-controversy' requirement of Article III of the Constitution; standing is a 'core component' of that requirement." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1036 (9th Cir. 2008) (citation omitted). Further, courts "have an independent obligation 'to examine jurisdictional issues such as standing [sua sponte].'" *Wilson v. Lynch*, 835 F.3d 1083, 1091 (9th Cir. 2016) (alteration in original) (quoting *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999)). "Only injunctive relief is available under Title III of the ADA." *Barnes v. Marriott Hotel Servs., Inc.*, No. 15-CV-01409-HRL, 2017 WL 635474, at *7 (N.D. Cal. Feb. 16, 2017). To establish standing to seek injunctive relief, a plaintiff must show that "he [i]s likely to suffer future injury." *See City of L.A. v. Lyons*, 461 U.S. 95, 105 (1983). "[A]n ADA plaintiff can establish standing to sue for injunctive relief either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman v. Pier 1 Imports, Inc.*, 631 F.3d 939, 944 (9th Cir. 2011).

The Court previously found that Plaintiff failed to allege standing because he failed to allege an intent to return to the Store. *See* Order at 6. In the Amended Complaint, Plaintiff alleges he has standing because the noncompliant conditions he has identified deterred him from patronizing the Store. Am. Compl. ¶¶ 6–7. Accordingly, the Court finds that Plaintiff sufficiently has cured the defects identified in the Order regarding his standing to survive screening pursuant to 28 U.S.C. § 1915(e)(2).

#### 2. Elements of Claim

Title III of the ADA prohibits discrimination by places of public accommodation. *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014). "To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a

place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Where, as here, the plaintiff seeks to establish discrimination based on an architectural barrier, "the plaintiff must also prove that: "(1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Parr v. L & L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).

In its Order, the Court previously determined that Plaintiff alleges that he is disabled within the meaning of the ADA, that Defendant's Store is a place of public accommodation, and that Plaintiff was denied access to the Store due to ADA-prohibited architectural barriers. *See* Order at 7. However, the Court noted that the Complaint failed to allege that removal of the identified barriers was readily achievable and accordingly concluded that Plaintiff failed to state a claim under the ADA. *See id.* Plaintiff has cured that deficiency in his Amended Complaint. *See* Am. Compl. ¶ 8. Accordingly, the Court finds that Plaintiff adequately states a claim to survive screening pursuant to 28 U.S.C. § 1915(e)(2).

### B. State Law Claim(s)

The Amended Complaint references violations of California law but does not specifically identify the law(s) at issue. Given, however, Plaintiff's request for "[d]amages under California law for $4,000 per violation," Am. Compl. at 3, the Court once more presumes that Plaintiff seeks to assert a claim under California's Unruh Act. *See* Cal. Civ. Code § 52 (providing statutory damages of $4,000 for violations of, *inter alia*, the Unruh Act).

The Unruh Act states that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their . . . disability . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). A violation of the ADA is also necessarily a violation of the Unruh Act. *Id.* § 51(f); *Vogel*, 992 F. Supp. 2d at 1011.

Because the Court finds that Plaintiff states an ADA claim for purposes of surviving screening pursuant to 28 U.S.C. § 1915(e)(2), the Court finds Plaintiff also satisfactorily alleges an Unruh Act claim.

## REQUEST FOR ISSUANCE OF SUMMONS

A party proceeding IFP is entitled to have the summons and complaint served by the United States Marshal Service. *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990). Further, Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to serve a defendant with process within ninety days of filing a complaint. Fed. R. Civ. P. 4(m). However, if the plaintiff shows good cause for a failure to effectuate service within this timeframe, the court may extend the time of service. *See Muhammed v. Department of Treasury*, No. 97-cv-8137 LGB CWX, 1998 WL 986245, at *4 (C.D. Cal. Nov. 17, 1998); *see also* Fed. R. Civ. P. 4(m).

Because Plaintiff's Amended Complaint survives screening pursuant to 28 U.S.C. § 1915(e)(2), the Court **GRANTS** Plaintiff's Request and **DIRECTS** the U.S. Marshal Service to serve the Amended Complaint on Defendant. Furthermore, good cause appearing, given the Court's delay in screening the Amended Complaint, the Court **GRANTS** Plaintiff an additional <u>ninety (90) days from the date of this Order</u> to effect service upon Defendant. *See Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007) (noting court is required to extend time for service where good cause exists to do so and has the discretion to extend time for service even in the absence of good cause).

## CONCLUSION

In light of the foregoing, the Court:

(1) **GRANTS** Plaintiff's Request to Issue Summons (ECF No. 8) and **DIRECTS** the Clerk of the Court to issue a summons as to Plaintiff's Amended Complaint (ECF No. 7) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 ("USM Form 285"). In addition, the Clerk of the Court **SHALL PROVIDE** Plaintiff with a certified copy of this Order, a certified copy of his Amended Complaint, and the summons so that he may serve Defendant. Upon receipt of this "IFP Package," Plaintiff must complete

USM Form 285 as completely and accurately as possible, include an address where Defendant may be found and/or subject to service pursuant to Civil Local Rule 4.1.c., and return it to the U.S. Marshal according to the instructions the Clerk of the Court provides;

(2) **ORDERS** the U.S. Marshal Service to serve a copy of the Amended Complaint and summons upon Defendant upon receipt of and as directed by Plaintiff on the completed USM Form 285, and to promptly file proof of service, or proof of any attempt at service unable to be executed, with the Clerk of the Court. *See* S.D. Cal. CivLR 5.2. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

(3) **ORDERS** Defendant, once served, to reply to Plaintiff's Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a); and

(4) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal Service, to serve upon Defendant and/or its counsel a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Federal Rule of Civil Procedure 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court a certificate stating the manner in which a true and correct copy of that document was served and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court that has not been properly filed with the Clerk of the Court or that fails to include a certificate of service may be disregarded.

**IT IS SO ORDERED.**

Dated: January 27, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge